BROWDER'S CURATOR *vs.* BROWDER'S HEIRS, ETC.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF EAST BATON ROUGE.

Where a judgment was rendered at the instance and on the prayer of the party, he cannot be allowed to open it after it is final, and have errors of calculation, alleged to exist to his prejudice, corrected.

In this case the curator of F. A. Browder's estate, presented two accounts and tableaus of distribution, which were at his instance and prayer, with a slight alteration to which he consented, homologated and confirmed.

After both these judgments were final, the curator presented his petition to the judge of probates, in which he states that he has now been able more critically to examine

the different judgments homologating the accounts hereto- <span>EASTERN DIST.</span>
fore filed by him and the former curator, (J. Linton,) and <span>*March,* 1839.</span>
finds there has been material errors of calculation in his last <span>BROWDEN'S C'R.</span>
tableau of distribution, greatly to his prejudice, and which <span>*vs.*</span>
he alleges the court has the power to correct. <span>BROWDEN'S H'RS</span>

He then sets out the various errors of calculation that are supposed to exist in the former tableaus, and appends to his petition a revised and amended tableau, and prays that after due notice given, it be homologated, and that he be authorized to pay the claimants, creditors and heirs, in conformity therewith; and, finally, that he be discharged from his curatorship and his bond cancelled.

The attorneys of the absent heirs and others, opposed the petition and prayer of the curator.

The judge of probates was of opinion he had no power to allow the application; the former judgment being final and in full force. Judgment was rendered against the curator, and he appealed.

*J. Seghers,* for the appellant, insisted that the corrections prayed for ought to be made. That if they were not, it would do great injustice to the petitioner. He would be required to pay something like the sum of twenty thousand dollars for errors committed by his counsel, &c.

*A. N.* and *R. N. Ogden, contra.*

*Eustis, J.,* delivered the opinion of the court.

On the 12th of May, 1836, the curator filed an account of his administration, and a provisional tableau of distribution, which was homologated by a decree of the court on the 20th of June ensuing.

On the 30th of November, 1837, he filed another tableau of distribution, accompanying a petition, in which he alleged that he had collected and realized the remaining proceeds of the property of the succession; that by the tableau he distributes the funds among the creditors and the heirs, according to their respective rights; he prays that he be authorized

EASTERN DIST.
March, 1839.

BROWDER'S C'R.
vs.
BROWDER'S H'RS

to pay the same ; that after due notice to all parties and proceedings had, the tableau of distribution may be homologated, and he may be discharged from his curatorship and his bonds be cancelled.

The homologation of this tableau was opposed by Thomas G. Morgan, Esq., who claimed to be placed therein as a privileged creditor, for the sum of two hundred and fifty dollars. The curator replied, that he had been informed that Mr. Morgan had rendered the services for which he claimed a compensation, and prayed the court to fix such sum as might be due him, and to amend the tableau accordingly ; which was done by a decree of the court, dated the 20th of December, 1837. An opposition was also filed by Mrs. Linton, and on the 22d of February, of that year, on the day assigned for the trial of the case, the opposition was dismissed, the tableau, as amended, was homologated, and the curator authorized to pay the creditors, in conformity thereto.

On the 19th of April, 1838, the curator represented to the court, by petition, that there were several material errors of calculation in his last tableau of distribution to his, the petitioner's prejudice, which he prays may be corrected, and for which he files an amended tableau, which he prays may, after due notice and proceedings had, be homologated and made the judgment of the court.

On this application, the court determined that the former judgment being in force, the relief prayed for could not be granted, and rendered judgment accordingly. From both judgments the curator has appealed.

We concur with the judge of the Court of Probates, in his decision in the application of the curator for relief against the judgment of homologation, of February 22d, 1837.

That judgment was rendered on his own prayer, at his own instance, and with the exception of the claim allowed to Mr. Morgan, is in every respect according to his own allegations. We have nothing before us on which we can reverse that part of the judgment founded on Mr. Morgan's claim, (admitting that we have jurisdiction of it,) particularly when we take into consideration the answer of the curator,

Where a judgment was rendered at the instance and on the prayer of the party, he cannot be allowed to open it, after it is final, and have errors of calculation alleged to exist to his prejudice, corrected.

to which we have before referred. Presented to us, as this case is, we cannot at the request of a party, reverse a judgment rendered in his favor on his own petition. The articles 606, *et seq.*, of the *Code of Practice*, provide for a remedy against judgments in all cases where relief ought to be afforded. There is nothing in the record from which we can pronounce the nullity of these judgments.

The judgments of the Court of Probates, appealed from, are, therefore, affirmed with costs in both cases.